UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cr-156-JMS-MG-02 |
| ) | 1:19-cr-355-JMS-DLP-01 |
| JAVONTE A. WRIGHT, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On February 2, 2024, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 12, 2022 and October 17, 2022. Defendant appeared in person with her appointed counsel Leslie Wine. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant admitted violation numbers 1-4. [Docket No. 271 & 288.]

    3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not commit another federal, state, or local crime"**<br><br>On March 31, 2022, Carmel Police Department, Carmel, Indiana, filed an affidavit for probable cause in Hamilton County, Indiana, in support of the charges of Theft, value of property is at least $750 and less than $50,000, and Fraud against Mr. Wright. The affidavit indicated the victim had a checking account at the Indiana Municipal Credit Union (IMCU), and noticed an unauthorized withdrawal for $2,883.73 with I.C. System. It was later determined that I.C. System is a debt-collection agency. The victim reviewed his (ICMU) account and found a second unauthorized withdrawal for $1,081.97 at the Indiana Bureau of Motor vehicles. Both unauthorized withdrawals were in the offender's name, associated to an address the offender has used, and Mr. Wright used his social security number. The police officer contacted Mr. Wright via telephone and scheduled an interview for February 27, 2022. The offender did not report for the interview, but later called asking his attorney be present for the interview. Mr. Wright advised he would call the officer the following week to reschedule an interview. As of the date of the probable cause affidavit, the officer has not heard from Mr. Wright or his counsel. The offender is charged in Hamilton County case number 29D05-2203-F6-002157 with two counts of felony theft, and two counts of felony fraud. |
| 2 | **"You shall refrain from any unlawful use of a controlled substance"**<br><br>As previously reported to the Court, on January 26, and March 16, 2022, Mr. Wright submitted urine samples which tested positive for fentanyl. When confronted with the positive tests he admitted using the substance. |
| 3 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."**<br><br>In February 2022, a Carmel Police officer called the offender and wanted to question him about potential illegal activity. The offender is charged in Hamilton County case number 29D05-2203-F6-002157 with 2 counts of felony theft, and two counts of felony fraud. The case is set for an initial hearing on April 13, 2022. The offender did not advise his probation officer about this new felony case or police contact. On February 27, 2022, the offender was pulled over in a traffic stop by Indianapolis Metropolitan Police Department (IMPD). Mr. Wright was given five traffic citations for driving while suspended, speeding, not having a valid drivers license, and two counts of child restraint system violations, in Marion County case number 49D22-2203-IF-007745. He did |

    not advise his probation officer about this police contact.
On March 24, 2022, the offender was pulled over in a traffic stop by Indianapolis Metropolitan Police Department (IMPD). Mr. Wright was given a traffic citation for not having a valid drivers license, in Marion County case number 49D22-2203-IF-011287. He did not advise his probation officer about this police contact.

  4  **"You shall not commit another federal, state, or local crime."**

    On September 6, 2022, Zionsville Indiana Police Department, arrested Mr. Wright after a traffic stop. On September 7, 2022, Boone County, Indiana, filed charges for Possession of Cocaine, a felony, and False Informing, a misdemeanor, under cause 06C01-2209-F6-001553.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of 18 months with 18 months of supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 18 months of incarceration with 18 months of supervised release to follow to run consecutive to Hamilton County case 29D07-2203-F6-002157 and Boone County case 06C01-2209-F6-001553.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)
2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.
4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.
5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.
7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.
8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.
9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.
10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.
11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.
13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: [substance abuse treatment] [substance abuse testing] [educational or vocational services program] [location monitoring]. The probation officer shall determine your ability to pay and any schedule of payment.
15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.
16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.
17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: The offender has a history of drug use and possession. These conditions will assist the probation officer in monitoring the offender's compliance.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.
    Justification: The offender has a history of drug use and possession. This condition will assist the probation officer in monitoring the offender's compliance.
19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.
    Justification: The offender has a history of drug use and possession and will assist the probation officer in monitoring the offender's compliance.

Defendant reviewed the above noted conditions with his attorney.

Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/5/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system